No. 56,516

IRL T. OLIVER, JR., *et al.*, *Plaintiffs-Appellees*, v. E. W. "WOODY" ROBERTS, d/b/a QUIVERA OIL COMPANY, *et al.*, *Defendants-Appellees*, DON KENDRICK, a/k/a DONALD M. KENDRICK; and DOROTHY KENDRICK, *Defendants-Appellants*.

(690 P.2d 1363)

Opinion filed November 30, 1984.

*Tom Crossan,* of Independence, argued the cause and was on the brief for the appellants.

*James A. Walker,* of Martin, Pringle, Oliver, Triplett & Wallace, of Wichita, argued the cause, and *Eric S. Strickler,* of the same firm, was with him on the brief for the plaintiffs-appellees.

*Ron Wood,* of Gates & Clyde, Chartered, of Overland Park, argued the cause, and *Cathryn L. Hamman,* of the same firm, was on the brief for the appellee, George W. Sandfort, Executor for the Estate of Monita I. Roberts, Deceased.

*Dale L. Pohl,* of Forbes & Pohl, of Eureka, argued the cause and was on the brief for the appellee, Martha Lee Maclaskey, d/b/a Eureka Crude Purchasing.

The opinion of the court was delivered by

PRAGER, J.: This is a dispute between the owners of various interests in four adjacent oil leases. Plaintiffs are the owners of working interests in the oil leases. Plaintiffs sued E. W. "Woody" Roberts, d/b/a Quivera Oil Company, the operator of the lease; the purchaser of the production; the royalty owners; and certain lien claimants. Plaintiffs sought a restraining order, the removal of the operator, the appointment of a receiver, and relief by way of money damages based upon fraud and conversion. Simply stated, the plaintiffs maintained that defendant Roberts had commingled oil from 60 different wells on the four leases and had not accounted to the plaintiffs for their share of the oil.

The defendants, Donald M. Kendrick and Dorothy Kendrick, owned a 2.73% overriding royalty interest in two of the leases. They are not owners of a working interest. After they were made defendants in the case, the Kendricks filed a cross-petition asserting their 2.73% overriding royalty interest and alleging con-

version of their oil by all of the plaintiffs and the other defendants. The Kendricks sought a decree quieting their title and an accounting for their share of the oil which they claimed had been withheld from them. The various plaintiffs filed answers and cross-claims against the Kendricks alleging, in substance, that the Kendricks had actually received more oil royalty payments than they were entitled to and seeking to recover from the Kendricks the overpayments which had been made to them. At the time the action was commenced, the court issued a restraining order preventing Roberts from disposing of any interests in the leasehold estate and further restraining defendant Eureka Crude Purchasing, the purchaser of production, from paying any royalty moneys to any persons other than the landowners and to suspend payments from those with overriding royalty interests. The court later modified this order by requiring Eureka to pay to the various owners their share of the royalties including those with overriding interests.

The court appointed Thomas A. DeVore as receiver for the leasehold interests. After the receiver was appointed, the Kendricks moved to intervene and were permitted to do so. They were then joined as additional defendants by the plaintiffs. In their amended cross-petition, the Kendricks sued all plaintiffs and all defendants except certain lien claimants, pleading causes of action for conversion, an equitable accounting, and to quiet title. The Kendricks also alleged negligence and vicarious liability against all owners of working interests and violation of Kansas securities laws against defendant Roberts. As can easily be seen, the litigation was quite complex and involved many issues of fact and law.

The record discloses extensive discovery with many preliminary motions filed and determined. The court sustained the unopposed motion of the Kendricks to quiet title to their 2.73% overriding royalty interest in two of the leases. The Kendricks then moved the court to sever all their claims as set forth in their cross-petition from the claims raised by all the other parties and to grant them a separate trial thereon. This motion was eventually sustained. During the course of the litigation, the receiver took possession and operated the oil leases, locating an additional tank battery in order to separate the oil production from the four leases. The oil proceeds were paid for a period to the

receiver who paid sums due certain lien claimants, thus preventing foreclosure of various liens.

In order to avoid the expense of litigation, all of the plaintiffs and all of the defendants, except the Kendricks, settled their various claims and causes of action against each other. On the motion of those parties, all claims other than those involving the Kendricks were dismissed with prejudice. The claims involving the Kendricks were to proceed with discovery and to be set for a separate trial. The trial court, after approving the settlement agreement, terminated the receivership. The settlement agreement provided for an operating committee of the owners of the working interests to oversee and operate the leases. The receiver submitted his final accounting which was approved by the court. The district court ordered the receiver to pay $10,000 into court to be utilized in adjusting the various claims remaining in the case. It should be emphasized that the various plaintiffs, as owners of the working interests, were entitled to possession of the leases and to operate them. The Kendricks, as owners of an overriding royalty interest, had no right to operate the oil leases, only the right to receive their overriding royalty payments of 2.73%. Following the trial court's order terminating the receivership and discharging the receiver, the Kendricks appealed.

At the outset, the court is faced with a question as to the jurisdiction of the Supreme Court to hear this interlocutory appeal. The plaintiffs and the other appellees contend that this court has no jurisdiction, because the interlocutory orders appealed from are not appealable orders under the Kansas Civil Code. The statute which governs appeals from judgments of the district court is K.S.A. 60-2102. It provides as follows:

"60-2102. **Invoking jurisdiction of court of appeals.** (a) *As of right.* Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

"(1) An order that discharges, vacates, or modifies a provisional remedy.

"(2) An order that grants, continues, modifies, refuses, or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus.

"(3) An order that appoints a receiver, or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or involving the tax or revenue laws, or the title to real estate, or the constitution of this state, or the constitution, laws or treaties of the United States.

"(4) A final decision in any action, except in an action where a direct appeal to

the supreme court is required by law. In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable.

"(b) *Other appeals.* When a district judge or associate district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, said judge shall so state in writing in such order. The court of appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten (10) days after the entry of the order under such terms and conditions as the supreme court may fix by rule. Application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or associate district judge or an appellate court or a judge thereof shall so order."

There has been no final determination of the claims asserted by the Kendricks and against them by the other parties which were severed for trial by the court below. Thus, this is not an appeal from a final decision in the action authorized by K.S.A. 60-2102(a)(4). The Kendricks have not taken an appeal from an order that discharges, vacates, or modifies a provisional remedy or an order that grants, continues, modifies, refuses, or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus under sections (a)(1) and (a)(2) of K.S.A. 60-2102. Nor has an order been entered under K.S.A. 60-2102(b).

Under section (a)(3), an interlocutory appeal may be taken from an order that *appoints a receiver,* or *refuses to wind up a receivership* or to take steps to accomplish the purposes thereof. In this case, the receivership was granted on *the motion of the plaintiffs,* as owners of the working interests, because of the commingling of oil and the failure to pay lien claimants who were threatening foreclosure of their liens. After the receiver had carried out the directions of the court to separate the oil production from the four leases and had taken care of the financial obligations necessary to prevent foreclosure, the trial court ordered that the receiver be discharged. At that time, by agreement of all owners of the working interests, the possession of the leases was to be transferred to the owners of the working interests who were entitled to operate the leases. Under the factual circumstances present here, we have concluded and hold that this was not a proper case for an interlocutory appeal by the

Kendricks. The Kendricks, by order of the court, have been afforded a full opportunity to litigate any and all claims which they have against the plaintiffs and the other defendants and any cross-claims asserted by those parties against the Kendricks. When all of those issues are finally determined, the Kendricks have the right to take an appeal from the final judgment entered in the case. In any such appeal, any act or ruling from the beginning of the proceedings affecting the interests of the Kendricks are reviewable under the provisions of K.S.A. 60-2102(a)(4).

The appeal is dismissed for want of jurisdiction.

SCHROEDER, C.J., not participating.